IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY FITTS,

          Petitioner,

  vs.                                            No. CIV 00-47 BB/LFG

JOE R. WILLIAMS,

          Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed January 10, 2000. Respondent filed his Answer, along with a Motion to Dismiss [Doc. 11], on February 16, 2000. Petitioner Jeremy Fitts ("Fitts") challenges the judgment and sentence entered by the Fifth Judicial District Court in State v. Fitts, No. CR-97-188 (County of Chaves, New Mexico).

2. Upon his plea of guilty to Count One of the criminal information, and of no contest to Counts Two and Three, Fitts was convicted of armed robbery and attempted murder and was sentenced to 24 years' incarceration. Fitts did not appeal, but he filed two motions for reconsideration of his sentence, and a habeas petition, all of which were denied by the state district court. The New Mexico Supreme Court denied certiorari on his habeas petition.

3. As grounds for federal habeas review, Fitts alleges that his trial attorney rendered

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

ineffective assistance in that he failed to request a change of venue, failed to seek removal of the District Attorney, failed to object to charges which violated double jeopardy principles, and failed to consult with Fitts prior to trial. He also contends that his plea was induced by collusion of the judge, District Attorney, and his defense counsel, and thus was involuntary.

4. Respondent contends that Fitts' claims are barred by the one-year limitation period in 28 U.S.C. § 2244(d).

5. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year statute of limitations, among other things. AEDPA became effective on April 24, 1996. A prisoner such as Fitts, whose conviction became final after AEDPA's effective date, has one year to file his federal habeas petition. The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). This limitations period is tolled by any time spent pursuing state post-conviction relief, by means of a "properly filed application" for habeas relief or other collateral review. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

6. Fitts did not seek direct review of his conviction, and the time for filing an appeal expired 30 days after entry of the judgment. N.M.S.A. (1978) § 39-3-3(A)(1). However, the conviction did not become "final" within the meaning of AEDPA until expiration of the time for filing a writ of certiorari with the United States Supreme Court. Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999), *cert. denied,* 120 S. Ct. 808 (2000). A person convicted in state court has 90 days from the date the judgment is entered to file for certiorari with the United States Supreme Court. Rule 13, Rules of the Supreme Court of the United States. In Fitts' case, judgment was entered on February 5, 1998;

2

his conviction therefore became final for purposes of AEDPA on May 6, 1998.

7. Thus, the period for filing his federal habeas petition expired on May 6, 1999 but would be tolled for any time spent pursuing post-conviction relief in state court. Fitts filed his first motion for reconsideration of his sentence in state court on March 18, 1998. It was denied on March 24, 1998 (Answer, Exs. F, G ). This tolled the limitation period for six days. He filed his second motion for reconsideration on May 5, 1999. It was denied on July 8, 1999 (Answer, Exs. H, J). This would add 64 days to the limitations period; however, the motion was untimely and thus does not qualify as a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2). A motion for reduction of sentence under New Mexico law must be filed within 90 days after sentence is imposed. Rule 5-801, N.M.R.A. (2000). Fitts' motion was filed well over a year after sentencing.

8. Fitts filed a petition for habeas corpus in state court on August 17, 1999. It was rejected, and the state supreme court denied certiorari on December 7, 1999 (Answer, Exs. K, M, O). The petition was thus pending for 112 days.

9. Adding the 6-day period during which the first motion for reconsideration was pending, plus the 112-day period for pendency of the habeas petition, Fitts should have filed his federal habeas petition, at the latest, 118 days after May 6, 1999, or by September 1, 1999. Even adding the 64 additional days for the second, untimely reconsideration motion would have given Fitts only until November 4, 1999 to file his federal habeas petition. He filed on January 10, 2000, well outside the limitations period even by the most generous of measures.

10. Fitts has not demonstrated any reason for delaying accrual of the limitations period under 28 U.S.C. § 2244(d)(1)(B) - (D), nor any ground for equitably tolling the period. *See*, Miller v. Marr,

141 F.3d 976, 978 (10th Cir.), *cert. denied*, 119 S. Ct. 210 (1998).

11. In his Response [Doc. 13] to Defendant's Answer, Fitts claims that his petition was filed pursuant to 28 U.S.C. § 2241 rather than § 2254, and that the one-year AEDPA limitation is inapplicable to petitions brought under § 2241. Fitts' petition was labeled an application under § 2254 [Doc. 1], and although the characterization of a claim for relief by a *pro se* litigant is not dispositive, Roman-Nose v. N.M. Dept. of Human Servs., 967 F.2d 435, 437 (10th Cir. 1992), the Court has no difficulty in finding that Fitts' petition falls under § 2254. He claims that his attorney was ineffective at trial and pretrial, and that his plea was involuntary; thus, he is clearly challenging the validity of his conviction and sentence rather than attacking the execution of the sentence, and § 2254 is the appropriate vehicle. Montez v. McKinna, -- F.3d --, No. 99-1347, 2000 WL 34225, at *1 (10th Cir. Apr. 3, 2000), *citing* McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

12. Even if Fitts' petition were to be construed as one under § 2241, the one-year limitation period would nevertheless be applicable. Osborn v. Everett, No. 99-8071, 2000 WL 300216 (10th Cir. Mar. 23, 2000). While it is clear that federal prisoners proceeding under § 2241 are not subject to the AEDPA limitation, the situation is different for state prisoners. The § 2244(d) statute of limitations applies to all "application[s] for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Thus, by its terms, the one-year statute of limitations applies to claims brought by state prisoners under
§ 2241, as well as to those brought under § 2254. In addition, although Congress could have, it did not explicitly provide in AEDPA that the one-year limitations period for state prisoners is restricted to claims brought under § 2254. In keeping with the Tenth Circuit's decision in Osborn, this Court

4

would apply the one-year limitations period of 28 U.S.C. § 2244(d) to Fitts' petition, even if his action had been filed under § 2241.

13. While Fitts' *pro se* pleadings are to be liberally construed, his *pro se* status alone does not justify his failure to file the habeas petition within the time allowed. Quate v. Hargett, No. 98-6366, 1999 WL 288908, at *3 (10th Cir. May 10, 1999); Lepiscopo v. Tansy, 38 F.3d 1128, 1130 (10th Cir. 1994). The Court finds that Fitts' petition is barred by the time limitation of 28 U.S.C. § 2244(d).

## **Recommended Disposition**

That the petition be denied, that Respondent's Motion to Dismiss [Doc. 11] be granted, and that the action be dismissed with prejudice.

                                                      */s/ Lorenzo F. Garcia*
                                                    Lorenzo F. Garcia
                                                    United States Magistrate Judge